## J. W. Morrison and Louis Schaffler, Appellees, v. Pickrell Walnut Company, Appellant.

1. Logs and logging—*when evidence insufficient to sustain finding that plaintiff had used "Doyle's rule" in measuring logs.* In an action to recover on a logging contract, where the correct method of measurement was in question and each party measured the diameter of the logs at the small end, and the length of the logs as a basis for calculation, evidence *held* insufficient to sustain a finding that plaintiff had used "Doyle's rule," as claimed.

2. Logs and logging—*what is "Doyle's rule" for measurement of logs.* Doyle's rule for the measurement of logs is to deduct four inches from the diameter of the log, as an allowance for slab; square one-quarter of the remainder and multiply the result by the length of the log in feet.

Appeal from the Circuit Court of Madison county; the Hon. William E. Hadley, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed April 17, 1916.

H. B. Eaton, for appellant.

Springer & Buckley, for appellees.

Mr. Justice McBride delivered the opinion of the court.

The controversy in this case grows out of the mode adopted in the measurement of some logs.

It appears from the evidence that the appellant employed the appellees to cut some walnut logs for which it agreed to pay them $2.50 per 1,000 feet. The appellees claim that the contract was to pay $2.50 per 1,000 round log measurement, and the appellant claims it was to be log measurement. After the logs had been cut they each measured them, and made their respective computations of the number of feet in the logs; they each measured the diameter of the logs at the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

small end, and the length of the logs as a basis of calculation, and, so far as the record discloses, there is no difference in their measurements; but in the making of the computations appellees found that they had cut 16,154 feet, while appellant found there was only 8,237 feet. They each claimed to have adopted Doyle's rule for measuring timber, and the tables prepared therefrom and published in Scribner's tables. The appellees used the table as shown at page 83 and denominated "Log Tally Calculator"; and appellant used a card containing table the same as is found on pages 73 and 74 of Scribner's book, which is entitled "Round Logs Reduced to Inch Board Measure by Doyle's Rule." The contention of the appellees is that the table denominated "Log Tally Calculator" is for round logs, and the table used by appellant is for board measure and not the correct rule for measuring logs.

We cannot agree with the contention of appellees that the table used by them would produce the correct result. The table does not purport to be one of measurements, but simply a quick mode of ascertaining the total number of feet where you have the number of feet of several logs of the same size; in other words, it is nothing more than a multiplication table, and could not be used with accuracy in determining the number of feet in a particular log where you have the length and diameter as a basis. Doyle's rule, as laid down by a work of good repute, with civil engineers, and edited by Mansfield Merriman, entitled "American Civil Engineers Pocket Book," at page 1265 is as follows: "For logs, the Doyle rule is known in some sections as the Connecticut River rule, the St. Croix rule, the Thurber rule, the Moore & Beeman rule, and the Scribner rule, and is more generally employed than any other; deduct four inches from the diameter of the log, as an allowance for slab; square one-quarter of the remainder and multiply the result by the length of the log in feet. It is the usual custom to

measure the diameter inside the bark at the small end.'' This, we believe, is a correct rule for the measurement of logs. The table found at pages 73 and 74 of Scribner's book and used by appellant is the correct table for ascertaining the number of feet in a log where you have the diameter and length of the log. It is true that Scribner says that in arriving at the diameter you should take measurements at both ends of the log and obtain the mean diameter and use that as a basis instead of the diameter at the small end, but as appellant and appellees made their measurements at the small end of the log, we adopt that measurement in the determination of this case. The correctness of the table as published in the Scribner book at pages 73 and 74 above referred to, can be verified by taking any diameter, say twelve inches in diameter and fourteen feet in length, and deduct four inches for slab, which leaves eight inches, take one-quarter of this and you have two inches, square this result and you have four, and then multiply it by fourteen, the length of the log, and you have fifty-six feet in the log, which is the exact amount given in the log table above referred to. If the dimensions of the several logs had been given in the record, we could have ascertained the number of feet for which appellant was liable and probably have avoided another trial, but as the dimensions of the several logs were not given, the case will have to be remanded. We are of the opinion that this case was tried by appellees upon an erroneous theory, and that the court erred in denying appellant's motion for a new trial. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*